# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0855V
UNPUBLISHED

| | |
|---|---|
| BEVERLY DYE,<br><br>             Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>             Respondent. | Chief Special Master Corcoran<br><br>Filed: October 12, 2022<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Tetanus, Diphtheria, acellular Pertussis (Tdap) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Katherine Carr Esposito*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On February 3, 2021, Beverly Dye filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA"), a defined Table Injury, after receiving the tetanus, diphtheria, acellular pertussis ("Tdap") vaccine on September 19, 2019. Petition at 1, ¶ 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 12, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. In this case, Respondent filed a combined Rule 4(c) Report and Proffer on award of compensation ("Rule 4(c) Report and Proffer") indicating Petitioner should be awarded $57,500.00 for her pain and suffering. Rule 4(c) Report and

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Proffer at 1, 6. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* at 6. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Rule 4(c) Report and Proffer.

Pursuant to the terms stated in combined Rule 4(c) Report and Proffer,[3] **I award Petitioner a lump sum payment of $57,500.00, representing compensation for her pain and suffering in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Because the Rule 4(c) Report and Proffer contains detailed medical information, it will not be filed as an attachment to this Decision.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.